**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROSALIO ALBERTO MENDOZA HERNANDEZ, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. CIV-26-923-R |
| UNITED STATES DISTRICT COURT, et al., | ) ) ) |
| Respondents. | ) ) ) |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Rosalio Alberto Mendoza Hernandez, a noncitizen proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner challenges under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

**I.      <u>Background and Petitioner's Claims</u>**

Petitioner is a Mexican national, Doc. 11-1, who alleged in his Petition various statutory and due process violations with his arrest and detention in ICE custody, Doc. 1 at 7-9.   When he filed his Petition on April 27, 2026, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. *Id*. at 1.

When initially screening the Petition, the undersigned found Petitioner's claims potentially subject to dismissal for mootness.   According to online records with the

Executive Office of Immigration Review ("EOIR"), an immigration judge had ordered Petitioner removed on March 23, 2026, and no appeal had been timely received. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last accessed May 29, 2026). As such, Petitioner's order of removal became final on April 22, 2026, "upon expiration of the time allotted for an appeal if the [noncitizen] does not file an appeal within that time." 8 C.F.R. § 1241.1(c) (citation modified).

On May 1, 2026, the Court ordered Petitioner to show cause why the Petition should not be dismissed for mootness. Doc. 5. That day, the Court noted Petitioner appeared to be detained at the Prairieland Detention Center in Alvarado, Texas, based on information with the ICE Online Detainee Locator System. *Id*. at 1 n.1. The Clerk of Court mailed the Order to Show Cause to (1) Petitioner's address of record at Cimarron Correctional Facility in Cushing, Oklahoma, and (2) Prairieland Detention Center. Petitioner did not provide the Court with an updated mailing address. Mail addressed to Petitioner has since been returned as undeliverable from both the Cimarron Correctional Facility and Prairieland Detention Center. Docs. 6, 9, 12. Finally, Petitioner's location information no longer appears on ICE's Online Detainee Locator System. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/search (last accessed May 29, 2026).

On May 15, 2026, the Court ordered Respondents to provide a status report on whether Petitioner had been removed. Doc. 8. On May 22, 2026, Respondents provided notice that Petitioner was removed to Mexico on May 5, 2026. Doc. 11.

## II.    Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."   *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).   "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## III.    Analysis

Petitioner properly filed his Petition in this district because he was detained here at the time of filing.  Doc. 1 at 1; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined").  Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)).  "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

3

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been removed to his home country of Mexico. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent removal from the United States and release from ICE custody may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been removed from the country. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release

4

from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not his underlying removal order. Courts have concluded a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with him).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding an immigration detainee's release from immigration custody through deportation "mooted his challenge to the legality of his detention"); *Mounivong v. Bondi*, No. CIV-25-1483-PRW, 2025 WL 3907008 (W.D. Okla. Dec. 22, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, 2026 WL

69364 (W.D. Okla. Jan. 8, 2026); *Souphanthong v. Bondi*, No. CIV-25-1220-D, Doc. 16 (W.D. Okla. Dec. 1, 2025) (same) (R&R), *adopted*, Doc. 20 (W.D. Okla. Dec. 16, 2025); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, Doc. 12 (W.D. Okla. Nov. 6, 2025) (same) (R&R), *adopted*, Doc. 13 (W.D. Okla. Nov. 21, 2025).

## IV.    <u>Recommendation and Notice of Right to Object</u>

Petitioner's release from ICE custody and removal to Mexico render his Petition moot, as there is no longer an actual case or controversy for the Court to decide.  The undersigned therefore recommends that the Court **DISMISS** the Petition, Doc. 1, as moot.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 5, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **June 10, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE